(No. 52873.—

GENEVIEVE N. BENTLEY, Adm'r, Appellee, v. SAUNE-
MIN TOWNSHIP *et al.,* Appellants.

*Opinion filed December 1, 1980.*

William F. Costigan, of Costigan & Wollrab, of Bloomington, for appellants.

James Walker, Ltd., of Bloomington, for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Genevieve N. Bentley, administrator of the estate of Bonnie Ann Holzhauer, filed this wrongful death action in the circuit court of Livingston County against Saunemin Township, the township highway commissioner, Livingston County, the county superintendent of highways, and Doris Sexton, administrator of the estate of Gerald Holzhauer, Bonnie Ann's husband. Plaintiff later dismissed Sexton. The basis of plaintiff's claim against the remaining defendants was the alleged negligence of those defendants in failing to maintain visibility of a stop sign at the intersection of State highway 47 and a Saunemin Township road. A jury returned a verdict for defendants and stated, as its finding in response to a special interrogatory, that the husband of Bonnie Ann Holzhauer—driver of the automobile in which she rode—was guilty of negligence which was the sole proximate cause of Bonnie Ann's death. The trial judge entered judgment on the verdict and denied plaintiff's motion for judgment *n.o.v.* On

appeal by plaintiff, the appellate court held that the trial judge should have granted plaintiff's motion for judgment *n.o.v.* as to the township and its highway commissioner. (77 Ill. App. 3d 598.) The appellate court found that Bonnie Ann Holzhauer was not guilty of contributory negligence, that the negligence of the township and its highway commissioner was a proximate cause of the death of Bonnie Ann Holzhauer, and that any negligence on the part of her husband was not sufficient to relieve the township and the commissioner of liability. The court accordingly reversed the judgment of the circuit court and remanded the cause to the circuit court to address the question of damages. We granted the petition for leave to appeal filed by the township and its highway commissioner. No queston is raised as to the liability of the county and its superintendent of highways, and our discussion is limited to the defendant township and its highway commissioner.

On the date of the accident, July 27, 1975, Bonnie Ann Holzhauer was a passenger in an automobile driven by her husband, Gerald Holzhauer. They were proceeding westbound on a gravel-surfaced township road, they entered State highway 47, a north-south highway, and they there collided with a northbound vehicle. Both Holzhauers were killed.

The State had placed a stop sign at the intersection to regulate access from the township road onto Route 47. Photographs of the intersection which were admitted into evidence indicate that branches of a tree hung to the ground and extended to the edge of the township road, thereby obscuring visibility of the sign. Livingston County Coroner Keith Von Qualen testified on behalf of plaintiff that the foliage obscured visibility from beyond 120 feet of the sign. Dr. John Baerwald, Director of the University of Illinois Traffic Center, was called as an expert witness by plaintiff and testified that, based on generally accepted

reaction times and stopping distances, a driver approaching the intersection at 35 miles per hour would not be able to stop within 120 feet. He also testified that 45 miles per hour would have been a safe speed on the road on which the Holzhauers were traveling. There was no evidence of the speed of the Holzhauer vehicle or of whether a stop was attempted.

The photographs admitted into evidence also show no sign indicating "Stop Ahead," which could have alerted Gerald Holzhauer to the approach of an intersection, and it was conceded at oral argument in this court that no such sign existed. There was also no evidence that Gerald Holzhauer might have known of the presence of the intersection or stop sign because of prior travel in the area.

Under the Illinois Highway Code and our recent decision in *Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, it cannot be seriously questioned that defendants owed plaintiff's decedent a duty of reasonable care in maintaining visibility of the stop sign. Under the Code, a township highway commissioner is responsible for maintaining township roads (Ill. Rev. Stat. 1975, ch. 121, par. 6—201.7), and as we said in *Janssen,* "Our courts have long recognized that, in the absence of an act by the State which divests a local government of jurisdiction over a highway, a local government has an obligation to maintain public highways within its boundaries in a safe condition." (79 Ill. 2d 435, 450.) We note parenthetically the duty imposed upon defendants by the Illinois Vehicle Code to "place and maintain such traffic-control devices upon highways under their maintenance jurisdiction as are required to indicate and carry out the provisions of this Chapter, and local traffic ordinances or to regulate, warn, or guide traffic." (Ill. Rev. Stat. 1975, ch. 95½, par. 11—304.) No argument is made by plaintiff, however, that this duty was breached by defendants' failure to place a "Stop Ahead" sign alongside the road. We there-

fore need not decide whether the duty to place and maintain such a sign is within the obligation of defendants "to warn motorists of those hazards which are incident to that portion of a highway which remains under local maintenance jurisdiction" (*Janssen v. City of Springfield* (1980), 79 Ill. 2d 435, 448).

That defendants' duty was breached is also, we believe, apparent from our recitation of the plaintiff's evidence. As the appellate court stated, it is not "seriously disputed that some governmental entity was negligent in failing to clear a tree from the north side of the township road some 95 feet east of the intersection." (77 Ill. App. 3d 598, 601.) Given the duty of defendants to maintain visibility of the stop sign, we consider that their failure to do so here is negligence as a matter of law.

We also note the absence of evidence of contributory negligence on the part of Bonnie Ann Holzhauer. There is no indication that, as a passenger of the vehicle, she in any way was responsible for her husband's actions or that she otherwise caused the accident.

The crucial issue, as we see it, and as the parties seem to acknowledge, is that of proximate cause. Seeking reinstatement of the jury's verdict, defendants argue that the appellate court, in resolving the proximate cause issue, improperly directed entry of judgment *n.o.v.* in favor of plaintiff. Defendants cite the testimony of witnesses called by plaintiff and defendants who stated that, upon visiting the accident scene, they could detect indications of an intersection from 300 to 500 feet away; the witnesses testified that a portion of Route 47 could be seen to the south of the intersection or that they could detect a difference in texture of the intersecting roadways. Dr. Baerwald, plaintiff's expert witness, also acknowledged that one approaching the intersection could detect Route 47 leading to the south and possibly to the north, but that one might not readily discern whether the road leading to

the south is a private driveway or a public road. The evidence also shows that the collision occurred during the daytime, that the sun was shining, and that both roads were fairly straight and flat. Defendants also note the finding stated by the jury, in response to a special interrogatory, that the negligence of Gerald Holzhauer was the sole proximate cause of Bonnie Ann's death. Relying on the *Pedrick* standard for considering judgments *n.o.v.*, defendants argue that the evidence and reasonable inferences therefrom, when viewed in a light most favorable to defendants, do not so overwhelmingly favor plaintiff that the verdict for defendants cannot stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510; see also *Murphy v. Messerschmidt* (1977), 68 Ill. 2d 79, 86.) We do not agree.

The negligence of a defendant will not constitute a proximate cause of a plaintiff's injuries if some intervening act supersedes the defendant's negligence, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. (*Greene v. City of Chicago* (1978), 73 Ill. 2d 100, 111-12; *Neering v. Illinois Central R.R. Co.* (1943), 383 Ill. 366, 380-81.) Judged by this and the *Pedrick* standard, we believe that the evidence, when viewed in its aspect most favorable to defendants, indicates that defendants should have foreseen the failure of Gerald Holzhauer, without the benefit of a stop sign, to recognize other indications of an approaching hazard. We therefore hold that the omissions of Gerald Holzhauer do not relieve defendants of liability for their negligence. Indeed, a purpose of a stop sign is to obviate the need to rely on other indications of hazard, and we do not consider it reasonable to absolve defendants of responsibility because of Gerald Holzhauer's shortcomings in dealing with a situation created by defendants' own negligence. (*Phelan v. Santelli* (1975), 30 Ill. App. 3d 657, 663-65.) As Prosser states:

> "[T]he intervention of the later cause is a significant part of the risk involved in the defendant's conduct, or is so reasonably connected with it that the responsibility should not be terminated. \*\*\*
>
> \* \* \*
>
> Obviously the defendant cannot be relieved from liability by the fact that the risk, or a substantial and important part of the risk, to which he has subjected the plaintiff has indeed come to pass. Foreseeable intervening forces are within the scope of the original risk, and hence of the defendant's negligence. The courts are quite generally agreed that intervening causes which fall fairly within this category will not supersede the defendant's responsibility.
>
> \*\*\*
>
> The risk created by the defendant may include the intervention of the foreseeable negligence of others. \*\*\* [T]he standard of reasonable conduct may require the defendant to protect the plaintiff against 'that occasional negligence which is one of the ordinary incidents of human life, and therefore to be anticipated. ' Thus a defendant who blocks the sidewalk and forces the plaintiff to walk in a street where he will be exposed to the risks of heavy traffic becomes liable when he is run down by a car, even though the car is negligently driven; and one who parks his automobile on the highway without lights at night is not relieved of responsibility when another negligently drives into it. By the same token, one who spills gasoline can expect it to be negligently set afire, and when a drunken passenger is ejected from a bus into the midst of traffic it may be anticipated that he will be negligently run down." (Prosser, Torts sec. 44, at 272-74 (4th ed. 1971).)

To relieve defendants of responsibility here would expand the meaning of superseding cause beyond that contemplated by the respective authorities on which Prosser relies, including our appellate court (Prosser, Torts sec. 44, at 274 n.15 (4th ed. 1971), citing *Johnson v. City of Rockford* (1962), 35 Ill. App. 2d 107), and we are not willing to take that course. A ruling favorable to defendants on this point would be analogous to allowing one to absolve himself of responsibility for a fire because firefighters

experienced difficulty in extinguishing the flames, and we would not countenance such a result.

As to the jury's special finding that Gerald Holzhauer's negligence was the sole proximate cause of Bonnie Ann's death, we find that it cannot withstand scrutiny under the *Pedrick* standard. The evidence, when viewed in its aspect most favorable to defendants, so overwhelmingly favors plaintiff that the finding for defendants cannot stand. Since the failure of Gerald Holzhauer to detect the existence of a hazard would not, under the facts of this case, relieve defendants of liability, it could not be said that Gerald Holzhauer's negligence was the sole proximate cause of Bonnie Ann's death. There may be more than one proximate cause of an injury (*Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d 19, 23; *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 88), and that may well be the case here. It cannot be said, however, that the omissions of Gerald Holzhauer were the sole proximate cause of this accident.

Under our view of the jury's finding, we need not address plaintiff's constitutional argument that the use of special interrogatories required by the Civil Practice Act (Ill.. Rev. Stat. 1975, ch. 110, par. 65) constitutes a legislative usurpation of judicial functions. (See *Albaugh v. Cooley* (1980), 88 Ill. App. 3d 320.) Under our disposition of the case, we also need not address plaintiff's numerous allegations of trial error.

The judgment of the appellate court is affirmed.

*Judgment affirmed.*