CRAIG A. NORVELL, a Minor, by William H. Norvell, his Father and Next Friend, *et al.*, Plaintiffs-Appellants, v. FANCY CREEK TOWNSHIP, SANGAMON COUNTY, *et al.*, Defendants and Counterplaintiffs and Counterdefendants-Appellees (Ronald M. Kreis *et al.*, Defendants and Counterplaintiffs and Counterdefendants-Appellants).

Fourth District   No. 4—84—0320

Opinion filed January 30, 1985.—Rehearing denied March 1, 1985.

Robert E. Gillespie, of Gillespie, Cadigan & Gillespie, of Springfield, for appellants Ronald M. Kreis, Carroll G. Kreis, and Margaret Kreis.

Almon A. Manson, Jr., of Ensel, Jones, Blanchard & LaBarre, of Springfield, for other appellants.

John A. Ess, of Heyl, Royster, Voelker & Allen, of Springfield, for appellees.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

This litigation is the aftermath of a collision between a motorcycle driven by defendant, Ronald M. Kreis (Ronald), and upon which plaintiff, Craig A. Norvell (Craig), a minor, was a passenger, and an automobile driven by Shirley Fieten, who is not a party to the litigation. The collision occurred on July 25, 1979, at the intersection of Township Road 9N and State Highway Route 29 within the boundaries of defendant, Fancy Creek Township (township), Sangamon County.

On July 24, 1981, plaintiffs Craig, by his father, William Norvell and both his parents, William and Laura Norvell, individually, brought suit in the circuit court of Sangamon County to recover for Craig's injuries and the parents' expenses arising from the injuries. The township, John Daniels, its road commissioner, and Ronald and his parents, Carroll G. and Margaret Kreis, were named defendants. The Kreis family counterclaimed against the township and Daniels for damages for injuries to Kreis and contribution for any liability they had to plaintiffs. The township and Daniels counterclaimed against the Kreis family seeking contribution for any liability they had to plaintiffs.

The counterclaim of the Kreis family against the township and Daniels was severed before trial by jury of the other issues. After that trial, the circuit court entered judgments on the verdicts as follows: (1) in favor of Craig and against the three Kreis defendants in the sum of $40,000; (2) in favor of defendants the township and Daniels; and (3) in favor of all defendants and against plaintiffs, William H. and Laura Norvell. Because of the verdicts returned, the jury did not return any verdicts in regard to requests for contribution. Subsequent to the entry of judgments on the verdicts, the circuit court granted the motion of defendants, the township and Daniels, to dismiss, in bar of action, the counterclaim of the Kreis defendants-counterplaintiffs for personal injuries to Ronald. The rationale of the ruling was that the judgment on the verdict in favor of the movants and against plaintiffs was a *res judicata* determination that the movants were not guilty of any misconduct which was a proximate cause of plaintiffs' injuries and, thus, could not be liable for contribution.

Plaintiff Craig A. Norvell appeals the judgment on the verdict in favor of defendants, the township and Daniels. Plaintiffs William H. and Laura Norvell appeal that judgment and the judgment on the verdict in favor of the defendants Kreis. The defendants Kreis appeal the judgment dismissing their counterclaim for injuries against defendants, the township and Daniels, and the denial, inherent in the judgments on the verdicts, of their counterclaim for contribution. We affirm.

Plaintiffs contend that by analogy to the decision in *Bentley v.*

*Saunemin Township* (1980), 83 Ill. 2d 10, 413 N.E.2d 1242, they should be entitled to a judgment of liability against the defendants, the township and Daniels. In the alternative, those plaintiffs assert that they are entitled to a new trial on both liability and damages as to these defendants, because the verdict in favor of those defendants was contrary to the manifest weight of the evidence, and the trial court erred in admitting a photographic exhibit. Defendants-counterplaintiffs Kreis agree that plaintiffs should have the relief they request and maintain that if the judgment in favor of the township and Daniels and against plaintiffs is set aside, it will no longer serve as a *res judicata* bar to their claim for contribution.

In passing upon the sufficiency of the evidence to support the verdict in favor of the defendants, the township and Daniels, we consider the following evidence, as we must, in the light most favorable to those defendants. The collision occurred during early evening daylight hours. Fieten, the motorist, was traveling north on Route 29 at a normal speed. The motorcycle driven by Ronald Kreis, and on which Craig was a passenger, approached on the township road traveling in a westerly direction and entered the intersection without stopping. The motorcycle was struck by the automobile. A stop sign facing westbound vehicles on the township road had been placed in the usual relationship to the intersection. Defendants, the township and Daniels, had a duty to properly maintain the sign. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 413 N.E.2d 1242.) They had permitted bushes to grow in front of the sign to the extent that the sign was obscured at a distance of 61 feet east of the stop sign. However, some 355 feet east of the stop sign, there was a visible sign warning travelers that there was a stop ahead. Expert testimony indicated that a stopping distance for an automobile traveling 45 miles per hour would be 323 feet. At the time of the collision the ages of Craig and Ronald were 13 and 15 years, respectively.

As a vehicle approached the intersection from the east, as did the motorcycle, one could see other indications that an intersection was ahead. From 60 feet, the back of a stop sign on the west side of Route 29 was clearly visible. However, Richard Berning, an engineer who had formerly been traffic engineer, testified the grade of the township road rose as it extended easterly from Route 29 until it reached a crest about 182 feet east of the route. He further testified that one traveling west on the township road approaching the intersection could not see the intersection until reaching the crest. Daniels testified that (1) the township had 37 miles of road to maintain; (2) he had no regular inspection schedule in maintaining the roads; and (3) the intersection was one

of the two most dangerous in the township. Neither Craig nor Ronald could recall the occurrence. Craig testified that he had only passed through the intersection once before, and then he was a passenger in a vehicle traveling on Route 29 three weeks before the collision. However, Ronald also testified that his sister lived south of the intersection a short distance, and that while driving in the area before the collision, he had made a wrong turn and came upon Route 29.

In *Bentley*, as here, a collision occurred when, without stopping, a vehicle entered a State highway from a township road and collided with a vehicle traveling on the highway. There, as here, the stop sign which warned of the existence of the highway was obscured by foliage that the township highway commissioner had failed to cut. There, as here, suit was brought on behalf of the passenger in the vehicle traveling on the township road against the township. There, as here, the township contended that any negligence on its part could not be deemed, as a matter of law, a proximate cause of the collision. There, the supreme court held that the township was shown, as a matter of law, to have been guilty of negligence which was a proximate cause of the collision. However, the *Bentley* opinion pointed out that there, no sign, indicating that a stop ahead was required, existed. The opinion also mentioned that there was no other evidence to indicate that the driver of the vehicle on the township road knew of the existence of the highway. Here, there was a sign indicating a stop ahead and some evidence that the driver knew something of the area.

While here, as in *Bentley*, the township and its road commissioner must be held to have been negligent as a matter of law, the previously described differences between the situations in the two cases are significant in regard to the issue of proximate cause. The negligence in failing to keep the stop sign visible would, as a matter of law, have been a proximate cause of the collision unless the collision would have happened even if the stop sign had not been obscured. Because of the existence of the sign indicating that a stop was ahead, the jury could have concluded that, if Ronald did not see that sign and did not observe the other indications that he was approaching a State highway, he was so inattentive that he would not have seen the stop sign had it not been obscured. On the other hand, the jury could have determined that Ronald saw the warning sign, knew that a stop sign was ahead but was going too fast to stop and decided it was best to attempt to get across the intersection as fast as possible. Had the jury found either of the above situations to have existed, the jury could have determined properly that the failure to clear the brush from in front of the sign was not a proximate cause of the collision.

■■ The *Bentley* court found the lack of a sign warning of a stop ahead and the question of whether other aspects of the intersection were apparent to the driver that approached from the township road to be significant. Here, we find the difference to be dispositive. Although a verdict in favor of the plaintiffs was fully supportable under the evidence, a verdict in favor of the township and Daniels can stand. (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504.) The evidence does not have that slightly lesser weakness which would require a new trial upon the basis that the verdict as to those two defendants was contrary to the manifest weight of the evidence. *Mizowek v. De Franco* (1976), 64 Ill. 2d 303, 356 N.E.2d 32.

■■ Plaintiffs and the defendants Kreis contend that the court improperly, and over their objection, submitted to the jury a photograph of the stop ahead sign taken 1½ years after the collision. The exhibit was admitted for the sole purpose of showing the actual position of the sign. As the use of the exhibit was limited, and because it was taken at a time of year when the shrubbery was not in leaf, the jury would have been unlikely to have believed that it purported to be a picture of the stop sign as it existed at the time of collision. No reversible error resulted.

■■ The three defendants Kreis contended that they were entitled to a directed verdict on their counterclaim for contribution against the township and Daniels. They also contend that the jury instruction as to the form of the verdict apportioning contribution was faulty. Actually, the jury returned no verdict as to that counterclaim. Because of our decision upholding the verdict in favor of the township and Daniels and against plaintiffs, the issues raised by the defendants Kreis are moot. As the township and Daniels are determined to not be liable, they are not subject to paying apportioned contribution.

Our affirmance of the judgment in favor of the township and Daniels upholds the *res judicata* basis of the judgment entered in favor of the township and Daniels and against Ronald Kreis on his counterclaim against those defendants-counterplaintiffs seeking damages for his injuries. Accordingly, we also affirm that judgment.

For the reasons stated, all judgments appealed are affirmed.

Affirmed.

MILLS and TRAPP, JJ., concur.