STEVEN DODSON, Plaintiff-Appellant, v. ROBERT SPAIN, Defendant (The Village of Waltonville, Defendant-Appellee).

Fifth District No. 5—86—0525

Opinion filed April 29, 1987.

Peter E. Popit and Edwina Warner, both of Caldwell, Troutt, Alexander, Quindy & Popit, of Benton, for appellant.

Freeark, Harvey & Mendillo, of Belleville (James R. Mendillo, of counsel), for appellee.

PRESIDING JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Steven Dodson, appeals from a summary judgment entered in the circuit court of Jefferson County in favor of defendant, Waltonville, Illinois, a municipal corporation.

This cause involves an automobile accident at an intersection maintained by defendant. Plaintiff's amended complaint alleged that on November 14, 1981, at approximately 4 p.m., he was driving his car east on a certain road in Waltonville. Robert Spain was driving his car north on a road that intersected with the road upon which plaintiff was traveling. The intersection had been designated a two-way stop by defendant. Defendant had erected stop signs in the intersection so that traffic coming from the east and west was required to stop. At the time plaintiff approached the intersection, the stop sign for the eastbound traffic was missing. Plaintiff's and Spain's cars collided. Count I of plaintiff's amended complaint, directed against Spain, alleged that Spain negligently drove his car at an unreasonable

rate of speed through the intersection thereby proximately causing, in whole or in part, plaintiff's injuries. Count II, directed against defendant, alleged that defendant was negligent in failing to maintain the stop sign at the intersection and in removing the stop signs for the northbound and southbound traffic thereby proximately causing, in whole or in part, plaintiff's injuries. We are concerned only with plaintiff's claim against the village of Waltonville.

Defendant filed a motion for summary judgment. The basis of this motion was that plaintiff was under a duty to yield the right-of-way to Spain and that the lack of a stop sign at the intersection could not be, as a matter of law, a proximate cause of the accident. Plaintiff's response to the motion included Spain's discovery deposition indicating his familiarity with the intersection and that approximately two weeks before the accident, he had informed a city board member of the missing sign. The trial court granted defendant's motion for summary judgment. Plaintiff's motion to reconsider was denied. The trial court entered judgment in favor of defendant, finding that there was no just reason to delay enforcement or appeal. 87 Ill. 2d R. 304(a).

The sole issue on appeal is whether the trial court correctly determined that no genuine issue of material fact existed as to whether defendant's failure to maintain the stop sign was a proximate cause of the collision. The trial court found that, as a matter of law, the proximate cause of the collision was plaintiff's failure to yield the right-of-way to Spain. (See Ill. Rev. Stat. 1985, ch. 95½, par. 11—901(a).) Plaintiff maintains that questions of fact exist with regard to the issue of proximate cause. Defendant maintains that where plaintiff is the driver in the car on the left at an uncontrolled intersection, his failure to yield the right-of-way is the proximate cause of the collision and that, as a matter of law, the failure to maintain a stop sign cannot be a proximate cause of the collision.

■■ ■ It is fundamental that there may be more than one proximate cause of an injury. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 17, 413 N.E.2d 1242, 1246.) The question of proximate cause is generally one of fact and can only be a question of law when the facts are not only indisputable but are also such that there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Thomas v. Northington* (1985), 134 Ill. App. 3d 141, 146-47, 479 N.E. 2d 976, 980.) In *Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 14-15, 413 N.E.2d 1242, 1244-45, which involved a collision at an intersection where the defendant township had failed to maintain the visibility of a stop sign, the supreme court held that the defendant's failure to maintain the stop sign was negligence as a

matter of law and the omissions of the driver did not relieve the defendant of liability for its own negligence. The court reasoned that the defendant should have foreseen the failure of the driver, without the benefit of a stop sign, to recognize other indications of an approaching hazard. 83 Ill. 2d 10, 15, 413 N.E.2d 1242, 1245.

*Norvell v. Fancy Creek Township* (1985), 130 Ill. App. 3d 275, 278, 474 N.E.2d 53, 56, involved facts virtually identical to *Bentley*, except that, in *Norvell*, there was a sign indicating a stop ahead and some evidence that the driver was familiar with the intersection. These distinguishing factors were found to be dispositive of the issue of proximate cause. (130 Ill. App. 3d 275, 279, 474 N.E.2d 53, 56.) Applying *Bentley*, the court stated that the township's negligence in failing to maintain the visibility of the stop sign would have been the proximate cause of the collision as a matter of law unless the collision would have happened even if the sign had been visible. (130 Ill. App. 3d 275, 278, 474 N.E.2d 53, 56.) The court reasoned that the jury could have found that, if the driver was so inattentive that he did not see the "stop ahead" sign, he would not have seen the stop sign itself even if it had not been obscured. (130 Ill. App. 3d 275, 278, 474 N.E.2d 53, 56.) The jury could have also determined from the evidence presented that the driver saw the warning sign and knew that a stop sign was ahead but was going too fast to stop. (130 Ill. App. 3d 275, 278, 474 N.E.2d 53, 56.) Therefore, the court affirmed the judgment for the township because the jury could have found that the failure to maintain the stop sign was not a proximate cause of the collision. 130 Ill. App. 3d 275, 278, 474 N.E.2d 54, 56.

Defendant maintains that *Bentley* and *Norvell* are distinguishable from the instant cause because, here, plaintiff's car was to the left of Spain's car, whereas in *Bentley* and *Norvell* plaintiffs were passengers in cars to the right of the other cars involved in the collisions. Defendant relies upon *Carr v. Shirland Township* (1978), 66 Ill. App. 3d 1033, 384 N.E.2d 449, wherein the plaintiff was a passenger in a southbound car which collided in an intersection maintained by defendant with an eastbound car. Plaintiff alleged that defendant's failure to maintain the visibility of the stop sign was a proximate cause of his injuries. (66 Ill. App. 3d 1033, 1035, 384 N.E.2d 449, 451.) The trial court held that plaintiff's complaint failed to state a cause of action against defendant and granted defendant's motion for judgment on the pleadings. (66 Ill. App. 3d 1033, 1034, 384 N.E.2d 449, 450.) On review, the court examined plaintiff's complaint, which alleged that the driver of the car in which he was a passenger proceeded into the intersection at an excessive speed and that the driver

failed to yield the right-of-way. (66 Ill. App. 3d 1033, 1036, 384 N.E.2d 449, 451.) The court concluded that the facts alleged by plaintiff made it clear that the driver had violated his duty to yield the right-of-way and that, as a matter of law, defendant's negligence in failing to maintain the stop sign was not a proximate cause of plaintiff's injuries. 66 Ill. App. 3d 1033, 1036, 384 N.E.2d 449, 451.

 Unlike the circumstances presented in *Carr*, we cannot say that the facts alleged make it clear that plaintiff violated his duty to yield the right-of-way. Section 11—901(a) of the Illinois Vehicle Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—901(a)) does not grant an absolute right-of-way to the driver on the right. (*Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1085, 401 N.E.2d 1145, 1151.) "Generally, the question as to which driver has the right-of-way at an open intersection must be determined by the jury, particularly where considerations of relative speed and distance *** are involved." (*Duffek v. Vanderhei* (1980), 81 Ill. App. 3d 1078, 1085-86, 401 N.E.2d 1145, 1151.) Defendant did not supply the trial court with any facts which would support the conclusion that plaintiff violated section 11—90(a) of the Code (Ill. Rev. Stat. 1985, ch. 95½, par. 11—901(a)). Additionally, *Carr* was decided before the supreme court determined in *Bentley* that the failure to maintain a stop sign is negligence as a matter of law. (*Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 14, 413 N.E.2d 1242, 1244.) We cannot say that simply because plaintiff approached the intersection in a car to the left of Spain's car that defendant is relieved of liability as a matter of law. No facts were presented which would make it indisputable that the collision would have happened even if the stop sign had been in its proper place. Under the instant circumstances, reasonable men could differ as to whether defendant's failure to maintain the stop sign was a proximate cause of the collision. Therefore, we conclude that the trial court erred in granting defendant's motion for summary judgment.

For the reasons given, the judgment of the circuit court of Jefferson County is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

KASSERMAN and JONES, JJ., concur.