IARA QUINTANA, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee (Robert Wilson, Defendant).

First District (1st Division) No. 1—90—1447

Opinion filed June 22, 1992.

Leonard M. Ring and Margaret A. McGuire, both of Chicago, for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Jean Dobrer and Barbara McDonald, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE MANNING delivered the opinion of the court:

Plaintiff, Iara Quintana, brought a negligence action against the City of Chicago and four individual drivers for injuries she sustained when she was struck by an automobile while crossing a Chicago street where the traffic lights in the intersection were inoperative.

About 7 a.m. on August 17, 1983, plaintiff exited a bus at Roosevelt Road in Chicago where she observed an inoperative traffic light. Before crossing the street, she noticed that the traffic northbound and southbound was moving, and that the eastbound and westbound traffic was stopped.

At that time, Karen Heath drove southbound on California Avenue, proceeded through the intersection of Roosevelt Road when her car collided with a car driven by Robert Wilson, who was proceeding westbound on Roosevelt Road. One or both of the cars then spun around, slid into a third car, entered the intersection and struck plaintiff as she walked across the street. Plaintiff testified that she did not know which vehicle struck her.

Both Heath and Wilson testified in deposition that they observed the inoperative traffic lights and stopped at the intersection before proceeding through it. Heath testified that she did not see any traffic at the intersection or closely approaching it when she arrived at the intersection. Wilson testified that his automobile was in the intersection when Heath drove her vehicle through the intersection without stopping.

The lawsuit against Heath was discharged in bankruptcy and there was a pending action against Wilson. The City of Chicago filed a motion for summary judgment based upon the theory that its failure to maintain a traffic control signal was not the proximate cause of plaintiff's injuries. The trial court granted this motion.

Plaintiff argues on appeal that the trial court erred: (1) in entering summary judgment in favor of the City of Chicago where it was reasonably foreseeable that a collision would occur when all four traf-

fic control signals were inoperative; and (2) that the trial court erred in determining that the drivers' conduct violated a statute as a matter of law when there was conflicting testimony as to their conduct.

Plaintiff maintains that the injuries she received were the result of the inoperative traffic lights controlled by the City of Chicago. She asserts that a collision was reasonably foreseeable where a traffic signal was inoperative at the intersection of two major thoroughfares on a rainy morning.

Plaintiff further asserts that the city is liable for her injuries because the inoperative traffic lights were one of the proximate causes of her injuries. She cites *Nelson v. Union Wire Rope Corp.* (1964), 31 Ill. 2d 69, 88, 199 N.E.2d 769, for that proposition. Plaintiff maintains that where an independent or intervening cause is foreseeable or probable, the causal connection is not broken. (*Ray v. Cock Robin, Inc.* (1974), 57 Ill. 2d 19, 310 N.E.2d 9.) Plaintiff contends that whether a defendant's conduct is to be considered as a proximate cause of the injury presents a question to be determined by the trier of fact. (*Ney v. Yellow Cab Co.* (1954), 2 Ill. 2d 74, 84, 117 N.E.2d 74.) She asserts that the intervening act that caused her injuries was the collision between the vehicles driven by Heath and Wilson, and therefore, the injuries were within the scope of risk created by the inoperative traffic lights.

Defendant asserts that plaintiff's injuries did not flow naturally from the inoperative traffic lights. It asserts that the conduct of the drivers in violation of traffic laws was the proximate cause of plaintiff's injuries. Defendant further maintains that the drivers' conduct was an effective intervening cause not reasonably anticipated to occur.

■ The negligence of a defendant will not constitute a proximate cause of a plaintiff's injuries if some intervening act supersedes the defendant's negligence, but if the defendant could reasonably foresee the intervening act, that act will not relieve the defendant of liability. *Bentley v. Saunemin Township* (1980), 83 Ill. 2d 10, 413 N.E.2d 1242.

Under the Restatement (Second) of Torts §435 (1965):

> "(1) If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred does not prevent him from being liable.
>
> (2) The actor's conduct may be held not to be a legal cause of harm to another where after the event and looking back from the harm to the actor's negligent conduct, it appears to

the court highly extraordinary that it should have brought about the harm."
*Cox v. Stutts* (1985), 130 Ill. App. 3d 1018, 474 N.E.2d 1382.

If the negligence charged does nothing more than furnish a condition by which the injury is made possible and that condition causes an injury by the subsequent, independent act of a third person, the creation of the condition is not the proximate cause of the injury where the subsequent act is an intervening efficient cause which breaks the causal connection between the original wrong and the injury, and itself becomes the proximate or immediate cause. *Novander v. Morris* (1989), 181 Ill. App. 3d 1076, 1078, 537 N.E.2d 1146.

■ Installation of traffic control devices in a reasonably safe manner is part of a municipality's duty to maintain its public highways in reasonably safe condition and failure of such devices installed by the municipality to comply with specifications stated in the State manual could result in a breach of that duty. *Parsons v. Carbondale Township* (1991), 217 Ill. App. 3d 637, 577 N.E.2d 779.

Here, defendant asserts that no negligence can be charged to the City of Chicago where either one or both of the drivers involved in the collision violated a statutory law. Defendant maintains that the Illinois legislature has provided that in the event a traffic signal becomes inoperative, traffic drivers are to treat the inoperative light as a stop sign. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—305(e).) That section states that "[t]he driver of a vehicle approaching a traffic control signal on which no signal light facing such vehicle is illuminated shall stop before entering the intersection in accordance with rules applicable in making a stop at a stop sign."

Both Heath and Wilson testified that as they approached the intersection they observed that the traffic lights were inoperative. They each also testified that they came to a stop before entering the intersection. Their testimony conflicts as to what occurred after that point. Defendant maintains that the reasonable inference to be drawn is that one of the two did not comply with the statutory requirements. Thus, the inoperative signal lights were not the cause of plaintiff's injuries. Rather, her injuries were caused by the conduct of the drivers.

■ We find, as the court did in *Novander*, that the inoperative traffic lights were just a condition by which the injury was made possible. Any causal connection between the original wrong and the injury was broken by the conduct of the drivers. Further, there is a statutory provision governing the conduct of drivers when a traffic signal is inoperative. (Ill. Rev. Stat. 1989, ch. 95½, par. 11—305(a).)

For the above reasons, we cannot say that the trial court erred in entering summary judgment in favor of defendant.

Plaintiff next argues that the trial court erred in determining that defendants' conduct violated a statute as a matter of law. Specifically, he asserts that there was conflicting testimony as to plaintiff's testimony and, thus, a question of material fact existed.

Summary judgment shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005.) A motion for summary judgment is properly granted where no triable issue of fact exists. (*Waite v. Chicago Transit Authority* (1987), 157 Ill. App. 3d 616, 619, 510 N.E.2d 1176.) Although defendant is not required to disprove plaintiff's case, it may meet its burden in moving for summary judgment by establishing the absence of a genuine issue of material fact. *Parsons v. Carbondale Township* (1991), 217 Ill. App. 3d 637, 577 N.E.2d 779.

In a cause of action alleging negligence, the plaintiff must establish the existence of a duty, a breach of that duty, and an injury proximately resulting from the breach of that duty. (*Wojdyla v. City of Park Ridge* (1991), 209 Ill. App. 3d 290, 568 N.E.2d 144.) Motions for summary judgment properly address duty. *Wojdyla*, 209 Ill. App. 3d at 293, 568 N.E.2d at 145.

■ In this case, the drivers both admitted that they stopped at the intersection before proceeding. There is conflicting testimony as to which driver entered the intersection first. However, this fact becomes immaterial as to the city's liability. The fact that one of the parties failed to comply with the statute either by not yielding to the other, or proceeding into the intersection without stopping, violated section 11—305(e) (Ill. Rev. Stat. 1989, ch. 95½, par. 11—305(e)).

In *Boylan v. Martindale* (1982), 103 Ill. App. 3d 335, 341, 431 N.E.2d 62, the court held that if an alleged negligent act does nothing more than furnish a condition making the injury possible, and such condition, by the subsequent independent act of a third party, causes the injury, the two acts are not concurrent, and the condition will not be the proximate cause for the injury. In that case, the plaintiff was a passenger in a vehicle whose driver disregarded a red light while rushing to the hospital and was struck by the defendant's vehicle. Plaintiff sued the city on the theory that the cross traffic could not be seen because of the city's failure to remove or trim trees and bushes. The reviewing court upheld the trial court's granting of summary

judgment in favor of the city on the basis that, at worst, the city had only permitted a condition and that the disregard of the red light was the proximate cause of plaintiff's injuries.

Similarly, in the instant case, the inoperative traffic lights were, at worst, a condition that the city permitted. The failure of one of the drivers to comply with the statutory requirements was the proximate cause of plaintiff's injuries. Although the parties admitted to complying with the statute by stopping at the intersection, if the statute had been complied with then the accident would not have happened in the manner it did. Therefore, we find that the trial court did not abuse its discretion in granting summary judgment in favor of the City of Chicago.

Accordingly, the order of the circuit court of Cook County is affirmed.

Affirmed.

BUCKLEY, P.J., and O'CONNOR, J., concur.