WENDOLYN J. HULL, Adm'r of the Estate of Ernest Hull, Deceased, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (5th Division)   No. 1—91—0011

Opinion filed October 2, 1992.—Rehearing denied October 15, 1992.

Michael W. Rathsack, of Chicago (Philip F. Maher and Michael W. Rathsack, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Nina Puglia, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE McNULTY delivered the opinion of the court:

Plaintiff Wendolyn J. Hull, as administrator of the estate of Ernest Hull (decedent), filed a second amended complaint against defendant City of Chicago (City) for the fatal injuries decedent suffered as a result of an automobile accident. The trial court granted defendant's motion to dismiss the complaint and plaintiff appeals.

On September 28, 1979, Ernest Hull was driving northbound at 4900 Lake Shore Drive as Ronald Drain was driving southbound on

Lake Shore Drive. Drain lost control of his car, hit the north end of the median guardrail and struck decedent's car.

Plaintiff's second amended complaint alleged that defendant was negligent in failing to extend the guardrail and in failing to make the guardrail "crashworthy." The trial court granted defendant's motion to dismiss plaintiff's second amended complaint, finding that the City owed no duty to plaintiff. For the following reasons, we affirm.

■ It is well settled that a municipality is not liable for failing to undertake public improvements of the roadways. (*Charpentier v. City of Chicago* (1986), 150 Ill. App. 3d 988, 502 N.E.2d 385 (the City had no duty to provide a median barrier in order to prevent a crossover collision on Lake Shore Drive).) However, once the municipality undertakes such a project, it is liable when the improvement creates an unreasonably dangerous condition. *Harding v. Chicago Park District* (1975), 34 Ill. App. 3d 425, 339 N.E.2d 779.

■ Applying these principles to the case at bar, we find that the City had no duty to take steps to prevent the accident which occurred here. Plaintiff has alleged that the City was negligent in failing to extend the barrier. However, because the City had no duty to erect a median barrier, it certainly has no duty to extend the existing barrier. (See *Best v. Richert* (1979), 72 Ill. App. 3d 371, 389 N.E.2d 894 (because the municipality has no duty to install sidewalks, it would be unreasonable to require the village to continue existing sidewalks).) We find no distinction between erecting a barrier and extending an existing barrier.

Nor do we find that the City had a duty to construct the barrier in a manner that would have prevented Drain's car from crossing over Lake Shore Drive. Plaintiff merely alleges that the end of the barrier failed to stop a crossover from taking place. The law is clear, however, that the City has no duty to construct its median barriers in a way that insures that no crossover accidents will occur. (*Ross v. City of Chicago* (1988), 168 Ill. App. 3d 83, 522 N.E.2d 215.) In order for liability to attach, the plaintiff must allege that the barrier actually caused the accident by creating a new danger, not merely that the barrier failed to prevent a crossover accident. *Michalak v. County of La Salle* (1984), 121 Ill. App. 3d 574, 459 N.E.2d 1131 (guardrail which had a sharp exposed end that amputated plaintiff's leg after it pierced plaintiff's car created a new hazard more dangerous than the conditions that existed when nothing was there before). See also *Baran v. City of Chicago Heights* (1969), 43 Ill. 2d 177, 251 N.E.2d 227 (municipality erected a streetlight that caused glare which was not present before the light was installed).

There is no allegation that the barrier here did anything other than permit a crossover. Plaintiff has not alleged that the barrier itself was inherently dangerous. Nor has plaintiff alleged that the barrier itself caused the death of plaintiff's decedent. Rather, what killed the plaintiff's decedent was Drain's bad driving. The erection of the median did not make Lake Shore Drive any more dangerous than it would have been had the City left the area undisturbed.

Accordingly, we affirm the order dismissing plaintiff's complaint.

Affirmed.

LORENZ and MURRAY, JJ., concur.