MICHAEL P. McKINNON, Plaintiff-Appellant, v. THE CITY OF CHI-CAGO, Defendant-Appellee.

First District (1st Division)   No. 1—91—1361

Opinion filed March 8, 1993.

Robert A. Clifford & Associates, of Chicago (Robert A. Clifford and Robert P. Sheridan, of counsel), for appellant.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Joan Flynn, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Paul Chisholm, Jr. (decedent), died in a cross-over collision on the Kennedy Expressway. Plaintiff Michael McKinnon, the executor of decedent's estate, filed a wrongful death action and a survival action against the driver of the vehicle which collided with decedent's vehicle and the defendant City of Chicago. The circuit court granted defendant's motion to dismiss plaintiff's cause of action with prejudice on the ground that defendant had no duty to install median barriers, and denied plaintiff's subsequent motion to vacate the above dismissal. The circuit court also denied plaintiff's motion for leave to file a second-amended complaint, ruling that the proposed amendment did not cure the defects of the previous complaint, and entered an order pursuant to Supreme Court Rule 304(a) making that order final and appealable. 134 Ill. 2d R. 304(a).

On August 25, 1988, decedent was driving northwest on the Kennedy Expressway with his children, John and Ann, as passengers. Anthony Dunn was driving on the Kennedy Expressway in the opposite direction, lost control of his car and crossed over into decedent's lane of traffic through an opening in the median barrier system. Decedent was killed and his children were seriously injured.

On August 25, 1989, plaintiff filed suit along with the decedent's children's guardian against defendant, Dunn and two Chicago police officers who allegedly observed Dunn driving erratically and failed to stop him. Defendant moved to dismiss the complaint. The circuit court struck the two counts against defendant, plaintiff voluntarily dismissed the two counts against the police officers, and plaintiff was given leave to replead.

On May 18, 1990, plaintiff filed his first-amended complaint. That complaint alleged that defendant designed, maintained and controlled the Kennedy Expressway and failed to exercise due care by: (1) installing a barrier and/or guardrail too low in height, too narrow in

width, and of insufficient strength to prevent traffic from crossing into oncoming lanes; (2) failing to properly maintain the roadway by failing to erect a sturdier barrier or otherwise failing to prevent traffic from coming into oncoming lanes, and by failing to repair the barriers and/or guardrails when defendant knew or should have known that failure to do so would fail to prevent traffic from crossing into oncoming lanes; and (3) designing, constructing and maintaining the barrier and/or guardrails in an unsafe condition, including but not limited to that of being insufficiently strong to prevent traffic from crossing into oncoming lanes, thereby proximately causing decedent's death.

Defendant filed a motion to dismiss the first-amended complaint pursuant to section 2—619 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, par. 2—619.) Defendant argued that in 1959 it had designed the pertinent area of the Kennedy Expressway to be an emergency turnout with no guardrails, and that it could not have subsequently altered that design because the State of Illinois assumed sole responsibility for the repair, maintenance and operation of the Kennedy Expressway upon the opening of it to public use. Defendant further argued that it was immune under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act) from any liability stemming from its design of the expressway. Ill. Rev. Stat. 1987, ch. 85, par. 3—103(a).

On October 26, 1990, plaintiff represented to the circuit court that he would not be opposing the motion to dismiss, but instead would request time to file a second-amended complaint. Relying on *Charpentier v. City of Chicago* (1986), 150 Ill. App. 3d 988, 502 N.E.2d 385, which found that the City of Chicago could not be held liable for failing to install median barriers, the circuit court granted defendant's motion to dismiss. Additionally, the circuit court stated that plaintiff would have to seek leave to file a second-amended complaint, because the court did not intend to permit plaintiff to file a complaint that "merely restate[s] that which is obviously the subject of *Charpentier*," or that otherwise fails to state a cause of action. Lastly, the circuit court instructed defendant not to seek a Rule 304(a) finding for 30 days, but stated that it would grant such a motion thereafter if plaintiff had not yet produced a second-amended complaint.

On November 20, 1990, defendant filed a notice of motion to amend the court's dismissal order to include Rule 304(a) language. On November 21, 1990, plaintiff filed a motion to vacate the court's October 26, 1990, dismissal order or in the alternative grant him leave to file a second-amended complaint. On December 10, 1990, plaintiff filed

an exhibit, its proposed second-amended complaint, to his previous motion to vacate. Defendant responded by arguing that the proposed second-amended complaint did not cure the problems which plagued the first-amended complaint.

On January 8, 1991, the circuit court denied plaintiff's motion to vacate its dismissal order of October 26 and set defendant's motion for a Rule 304(a) finding on the call for March 12, 1991. On March 6, 1991, plaintiff filed a motion for leave to file his second-amended complaint. The proposed second-amended complaint alleged that at the time of the design of the Kennedy Expressway, defendant foresaw the occurrence of vehicles crossing over into oncoming traffic and therefore undertook the creation of an improvement in the form of a barricade and/or guardrail, or a system of barricades and/or guardrails. The proposed second-amended complaint further alleged the following wrongful acts or omissions on the part of defendant: (1) designed and constructed a guardrail and/or guardrail system that was unreasonably dangerous and defective and inadequate in that the guardrail and/or guardrail system and the emergency turnout allowed, facilitated, and failed to prevent the crossover of southbound vehicles into northbound traffic; and (2) willfully and wantonly designed and constructed the emergency turnout without making any effort or provision to impede or prevent the access of southbound vehicles into northbound traffic.

On March 21, 1991, the circuit court denied plaintiff's motion for leave to file the second-amended complaint on the grounds that: (1) the allegations that the turnout allowed and failed to impede crossovers did not cure the defects in the first-amended complaint; (2) the allegations that the turnouts facilitated crossovers were unsupported by any facts and therefore conclusory; and (3) the willful and wanton allegations did not state a cause of action and would not do so even if pleaded separately. The circuit court, then, also granted defendant's motion for Rule 304(a) language and entered findings that there was no just cause for delaying enforcement of its dismissal order of October 26, 1990. Plaintiff appeals.

■ Initially, plaintiff argues that the circuit court improperly dismissed his first-amended complaint. The inquiry on appeal from an order granting a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure is limited to accepting as true all well-pled facts and reasonable inferences that can be drawn therefrom and to examining whether a cause of action was stated. (*Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670, 445 N.E.2d

1184.) Conclusions of law, however, are not admitted. *Outlaw v. O'Leary* (1987), 161 Ill. App. 3d 218, 220, 514 N.E.2d 208, 210.

Defendant's motion to dismiss plaintiff's first-amended complaint was founded on the contention that it had no duty to construct public improvements, but rather, its only duty is to maintain the property in a reasonably safe manner, citing *Charpentier* and *Hull v. City of Chicago* (1992), 236 Ill. App. 3d 405, 602 N.E.2d 1300. Plaintiff's first-amended complaint alleged, *inter alia*, that defendant had the duty to exercise due care in the design of the barriers and/or guardrails of the expressway.. Plaintiff did, in fact, admit that the place where Dunn crossed over into the path of decedent's vehicle was an emergency turnout, which is a lack of presence of a barrier or guardrail. Defendant argued and we agree that since there was no barrier or guardrail, there could not be a defect in an absent object. Furthermore, under *Charpentier*, defendant is not liable for failing to undertake public improvements on roadways. Rather, defendant is only responsible for undertakings it chooses to carry out. Thus, defendant has no common law or statutory duty to install median barriers or to extend the existing barrier. (*Charpentier*, 150 Ill. App. 3d at 995-96, 502 N.E.2d at 390; *Hull*, 236 Ill. App. 3d at 406, 602 N.E.2d at 130-31.) We, therefore, find that the circuit court properly dismissed plaintiff's first-amended complaint.

Next, plaintiff argues that the circuit court erred in denying his motion to vacate the order dismissing his first-amended complaint. Because we found that the circuit court did not err in dismissing plaintiff's first-amended complaint, we likewise find that the circuit court did not err in denying plaintiff's motion to vacate that dismissal.

■ Plaintiff's final argument is that the circuit court improperly denied it leave to file a second-amended complaint. Defendant argues that the plaintiff's claim is barred by the construction-design management and supervision statute (Ill. Rev. Stat. 1989, ch. 110, par. 13—214) and the Tort Immunity Act (Ill. Rev. Stat. 1989, ch. 85, par. 3—103(a)) and also that the second-amended complaint merely reiterates the allegations of the first-amended complaint.

Under the construction-design management and supervision statute, a plaintiff is allowed a maximum of 14 years from the complained-of act or omission to bring an action based upon the design or construction of an improvement to real property. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214.) This statute applies to actions against governmental as well as private entities. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214; see also *Lombard Co. v. Chicago Housing Authority* (1991),

221 Ill. App. 3d 730, 587 N.E.2d 485.) Although it is correct that this court may affirm the circuit court's decision on any basis properly presented in the proceedings below (*Smith v. Board of Education of East St. Louis School District No. 189* (1977), 52 Ill. App. 3d 647, 367 N.E.2d 296), the record is devoid of any reference to this statutory argument. Moreover, this argument is a limitations defense which was first asserted in this appeal. It is the duty of the party wishing to assert a limitations defense to raise it at the earliest possible time. (*Sabath v. Morris Handler Co.* (1968), 102 Ill. App. 2d 218, 243 N.E.2d 723.) Recently, the appellate court held that the City of Chicago's effort to raise a statute of limitations defense for the first time on appeal specifically constituted waiver. (*Boonstra v. City of Chicago* (1991), 214 Ill. App. 3d 379, 574 N.E.2d 689.) Therefore, since the record is devoid of the construction-design statutory argument, we cannot affirm the circuit court's decision on this basis and, furthermore, since it is a limitations defense raised for the first time on appeal, defendant has also waived it.

■ Defendant also argues that the Tort Immunity Act bars plaintiff's action. (Ill. Rev. Stat. 1989, ch. 85, par. 3—103(a).) Defendant, however, concedes that under the Tort Immunity Act it is liable if the design has created an unsafe condition. (Ill. Rev. Stat. 1989, ch. 85, par. 3—103(a).) Plaintiff's proposed second-amended complaint alleges, *inter alia*, that defendant "[d]esigned and constructed the guardrail and/or guardrail system so as to render the roadway in question in a dangerous condition for public use." Accordingly, we find that defendant's argument that the Tort Immunity Act bars plaintiff's action is meritless because the second-amended complaint does allege that the design created an unsafe condition.

■ Defendant finally contends that plaintiff's second-amended complaint merely reiterates the conclusory allegations contained in the first-amended complaint, which was properly dismissed. We disagree. In the second-amended complaint, plaintiff alleges that the guardrail *system*, not the guardrails themselves, provides allegedly unsafe emergency turnouts thereby creating a defective design. Therefore, *Charpentier* would not apply because in the instant case the issue is not whether or not a guardrail or barrier should have been constructed and designed differently, but rather, whether the design of the guardrail *system* was defective. It is well established that the opportunity to amend should be granted unless it is clear that no cause of action can be stated even after amendment. (*Halper v. Vayo* (1991), 210 Ill. App. 3d 81, 90, 568 N.E.2d 914.) A circuit court abuses its discretion if it refuses to allow a plaintiff to amend his com-

plaint when a cause of action can be stated if the complaint is amended. (*Jessen v. Sverdrup & Parcell & Associates, Inc.* (1991), 218 Ill. App. 3d 901, 579 N.E.2d 14.) We hold that the circuit court abused its discretion by denying plaintiff's request for leave to amend. We reverse the circuit court's order denying plaintiff leave to file an amended complaint and remand this cause with instructions that plaintiff be granted leave to file a second-amended complaint.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed in part, reversed in part and this cause is remanded with instructions to allow plaintiff to file a second-amended complaint.

Affirmed in part; reversed in part and remanded with instructions.

CAMPBELL and O'CONNOR, JJ., concur.