BRANDI TIEMAN, Plaintiff-Appellant, v. THE CITY OF PRINCETON, Defendant-Appellee.

Third District   No. 3—93—0290

Opinion filed November 4, 1993.

A. Randolph Comba, of Princeton, for appellant.

Stephen R. Swofford and Edward T. Habecker, both of Hinshaw & Culbertson, of Chicago (Adrienne I. Logan, of counsel), for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The plaintiff, Brandi Tieman, filed suit against the defendant, City of Princeton, for injuries she sustained when she fell on a crumbling curb as she attempted to cross the street mid-block to reach her vehicle, which was parked on the other side. The trial court entered summary judgment on behalf of the city because it found that the plaintiff was not an intended or permitted user of the curb. We affirm.

The sole question on appeal is whether the plaintiff is an intended and permitted user of the curb in question.

Section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act provides that a local public entity has a duty to use reasonable care to maintain its property in a safe condition for the use of people "intended and permitted" to use the property. (745 ILCS 10/3—102(a) (West 1992).) Courts in Illinois have developed the general principle that pedestrians who walk in or cross a public roadway outside of a crosswalk are not intended and permitted users of the roadway and are owed no duty. (*Curatola v. Village of Niles* (1993), 154 Ill. 2d 201, 608 N.E.2d 882.) However, an exception exists for passengers and drivers of legally parked vehicles. Because these pedestrians must of necessity use the roadway for a means of access to their vehicles, they are intended and permitted users of the portion of the roadway which surrounds their vehicles. *Di Domenico v. Village of Romeoville* (1988), 171 Ill. App. 3d 293, 525 N.E.2d 242.

In *Wojdyla v. City of Park Ridge* (1992), 148 Ill. 2d 417, 592 N.E.2d 1098, the plaintiff was injured while attempting to cross a street mid-block from the point at which he had legally parked his car. The court cited *DiDomenico* with approval, then held that the plaintiff had ventured outside of the area surrounding his parked vehicle and entered an area in which the defendant owed him no duty.

In the case at bar, the plaintiff was not stepping on the curbing as a necessary means of reaching her legally parked vehicle. Her vehicle was parked on the opposite side of the street. Therefore, as in *Wojdyla*, the exception expressed in *DiDomenico* has no applica-

tion here. The city has a duty only to those pedestrians who must use the curb as a necessary means of entering or exiting their legally parked vehicles. It has no duty to those pedestrians who use the curb when crossing the street at mid-block. Such pedestrians are not intended and permitted users of the curbing.

The plaintiff argues that the city knew that pedestrians were crossing the street in the area in which she was injured and this knowledge is sufficient to prove that the pedestrians were intended and permitted users. However, in *Wojdyla* the court distinguished between "foreseeable" and "intended" users and held that only "intended" users are owed a duty. Although this plaintiff's use of the curb may have been foreseeable, it was not intended. Therefore, no duty was owed.

The plaintiff's reliance on *Marshall v. City of Centralia* (1991), 143 Ill. 2d 1, 570 N.E.2d 315, is misplaced. In *Marshall*, the plaintiff was injured when he fell in an open manhole while he was walking on a parkway. The plaintiff had chosen a path across the parkway because the alternate route was not clear. The case at bar involves neither a parkway nor an obstructed alternate route. Thus, *Marshall* is distinguishable.

Based on our conclusion that the plaintiff was not an intended and permitted user of the curb in question, we hold that the trial court did not err in granting summary judgment in favor of the city.

The judgment of the circuit court of Bureau County is therefore affirmed.

Affirmed.

McCUSKEY, P.J., and LYTTON, J., concur.