JANE L. KRAMPERT, Plaintiff-Appellant v. THE VILLAGE OF MOUNT PROSPECT, Defendant-Appellee.

First District (1st Division)    No. 1—00—2677

Opinion filed June 4, 2001.

42

Charles E. Freund, of Chicago, for appellant.

Richard T. Wimmer and Kathleen T. Henn, both of Klein, Thorpe & Jenkins, Ltd., of Chicago, for appellee.

JUSTICE COHEN delivered the opinion of the court:

The plaintiff, Jane Krampert, tripped and fell while crossing Prospect Avenue in the Village of Mount Prospect (the Village), fracturing

her elbow. She filed suit against the Village for negligence in failing to maintain the pavement in the median. The trial court granted summary judgment in favor of the Village.

We affirm.

## BACKGROUND

On November 20, 1998, at approximately 5 p.m., the plaintiff parked her car on the north side of Prospect Avenue near Route 83. She was going to Keefer's Pharmacy, located on the other side of the street, in order to pick up a prescription. There is a crosswalk traversing Prospect Avenue at Route 83, but there is not a sidewalk on the north side of Prospect Avenue leading to the crosswalk.

The median is partially planted with grass and trees and partially paved. At the time, there was a light dusting of snow on the median. The plaintiff crossed over a part of the median that tapered to a point to allow for a turn lane at Route 83. The pavement in this area is cracked and uneven. As the plaintiff walked, she tripped and fell, fracturing her elbow. The plaintiff pointed out at her deposition a three- or four-foot stretch of the median within which she tripped.

After falling, the plaintiff went into Keefer's pharmacy and picked up her prescription. She sat down for a brief period because she felt "shaken," although she did not know that she was injured. An employee of the pharmacy suggested that she file an accident report with the Village which plaintiff later did. The employee, Maureen Kobler, explained to the plaintiff that she also had tripped and fallen in the street outside the pharmacy and had reported the fall to the Village.

The plaintiff left the pharmacy, again crossing the street on her way home. Later that evening she noticed that she was having trouble moving her arm. She went to an emergency room, where it was determined that she had fractured her elbow. The plaintiff filed suit against the Village alleging that she was injured due to the negligence of the Village in maintaining the roadway.

The Village filed a motion for summary judgment arguing, among other things, that the Village, as a matter of law, could not be liable to the plaintiff, because: (1) the plaintiff, as a pedestrian, was not an intended user of the median; and (2) the Village did not have notice of the alleged defect. The circuit court granted summary judgment predicated on the Village's arguments. This appeal followed.

## ANALYSIS

The plaintiff first argues that the circuit court erred in determining that, as a matter of law, the Village had no duty to maintain the median for pedestrians.

●1 Our review of a summary judgment order is *de novo*. *Soder-*

*lund Brothers, Inc. v. Carrier Corp.*, 278 Ill. App. 3d 606, 614, 663 N.E.2d 1, 7 (1995). Summary judgment may be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Telenois, Inc. v. Village of Schaumburg*, 256 Ill. App. 3d 897, 901, 628 N.E.2d 581, 584 (1993). The non-moving party need not prove his or her case at the summary judgment stage, but the party is required to present some factual basis that would arguably entitle him or her to a favorable judgment. *Hindo v. University of Health Sciences/Chicago Medical School*, 237 Ill. App. 3d 453, 459, 604 N.E.2d 463, 468 (1992).

●2 To prevail in a negligence claim, a plaintiff must show the existence of a duty owed by the defendant to the plaintiff, breach of that duty, and injury proximately resulting from the breach. *Khalil v. City of Chicago*, 283 Ill. App. 3d 161, 162, 669 N.E.2d 1189, 1191 (1996). "Whether defendant owed plaintiff a duty of care is a question of law for the court." *Vaughn v. City of West Frankfort*, 166 Ill. 2d 155, 158, 651 N.E.2d 1115, 1116 (1995).

●3 Section 3—102(a) of the Local Governmental and Governmental Employees Tort Immunity Act (the Act) provides:

> "(a) Except as otherwise provided in this Article, a local public entity has the duty to exercise ordinary care to maintain its property in a reasonably safe condition for the use in the exercise of ordinary care of people whom the entity intended and permitted to use the property in a manner in which and at such times as it was reasonably foreseeable that it would be used ***." 745 ILCS 10/3—102(a) (West 1998).

The relevant law holds the Village only owed the plaintiff a duty if she was both a permitted and intended user of the median. *Boub v. Township of Wayne*, 183 Ill. 2d 520, 524, 702 N.E.2d 535, 537 (1998). The Village has not denied that the plaintiff was a permitted user of the median. Therefore, the question before us is whether plaintiff was an intended user.

●4 The general rule in Illinois is that pedestrians are not intended users of streets and therefore municipalities do not owe pedestrians who cross a street outside of crosswalks a duty of care. *Vaughn*, 166 Ill. 2d at 158, 651 N.E.2d at 1117. This court specifically addressed the status of medians in *Roberson v. City of Chicago*, 260 Ill. App. 3d 994, 997-98, 636 N.E.2d 776, 778 (1994). In that case, we held that a median strip was a traffic control device and not intended for pedestrian use.

●5 It must be noted, however, Illinois cases have recognized a limited exception to the rule that pedestrians are not intended users of streets outside of crosswalks. A municipality has a duty to maintain the street in a reasonably safe condition for pedestrians in the area

immediately around legally parked vehicles. *Vaughn*, 166 Ill. 2d at 159, 651 N.E.2d at 1117. Here, the plaintiff argues that she was an intended user of the median because she needed to cross the street mid-block in order to get to and from her legally parked car. However, the exception for parked cars only concerns the area immediately surrounding the car. *Vaughn*, 166 Ill. 2d at 159, 651 N.E.2d at 1117. Numerous Illinois cases have refused to apply the exception for plaintiffs going to or from their cars from the other side of the street. In *Tieman v. City of Princeton*, 251 Ill. App. 3d 766, 623 N.E.2d 769 (1993), the plaintiff tripped over a curb as she crossed the street mid-block to her legally parked car. The court held that since the plaintiff was parked on the other side of the street, the exception did not apply. See also *Roberson*, 260 Ill. App. 3d at 997, 636 N.E.2d at 778; *Wojdyla v. City of Park Ridge*, 148 Ill. 2d 417, 425, 592 N.E.2d 1098, 1102 (1992).

The plaintiff further argues that she must have been an intended user of the street as there was no sidewalk from her legal parking space to the crosswalk at Route 83. Illinois courts have also rejected the argument that a plaintiff was an intended user because it was necessary for him or her to cross the street outside the crosswalk. In *Wojdyla*, the plaintiff's decedent was struck by a vehicle as he crossed the street to his legally parked car. The plaintiff argued that it was necessary for him to cross there because there was not a crosswalk for half a mile in either direction. The court held that even if it was foreseeable that pedestrians would cross the street there, pedestrians nevertheless were not intended users of the street. *Wojdyla*, 148 Ill. 2d at 428, 592 N.E.2d at 1103-04.

In *Vaughn*, the plaintiff argued that since the sidewalk on which she was walking ended mid-block, she was required to cross at that point to the other side of the street, where the sidewalk kept on going. *Vaughn*, 166 Ill. App. 3d at 161, 651 N.E.2d at 1118. The court rejected this argument as well, holding first that the plaintiff had not established that it was impossible for her to reach her destination without crossing the street outside of a crosswalk. Similarly, here, the plaintiff has not established that it was truly necessary for her to traverse the street mid-block rather than walking along the unpaved area on the side of the north side of Prospect Avenue until she reached the crosswalk at Route 83. For the first time on appeal, the plaintiff alleges that the way along the north side of Prospect Avenue was blocked by bushes. However, this allegation was not in the complaint nor was it mentioned or referred to or shown in the depositions, exhibits and affidavits before the trial court when the court ruled on the motion for summary judgment. The *Vaughn* court also found the

plaintiff's argument unpersuasive because "[w]hether a use is intended by a local government entity is not determined solely on the necessity of such use." *Vaughn*, 166 Ill. 2d at 162, 651 N.E.2d at 1118. For instance, in *Sisk v. Williamson County*, 167 Ill. 2d 343, 657 N.E.2d 903 (1995), the court held that a pedestrian who fell off a bridge on a country road was not an intended user of the roadway. There was no sidewalk along the road. The court held that although it might at times be necessary for pedestrians to walk along country roads, "such use is not a manifestation of the local municipality's intent that pedestrians walk on its country roads or an undertaking by the municipality to make country roads free from defects that might injure pedestrians." *Sisk*, 167 Ill. 2d at 352, 657 N.E.2d at 907.

Finally, the plaintiff argues that the city created an unreasonably dangerous improvement by making parking spaces from which there was no reasonably safe route to the nearby buildings. This theory of liability was not set out in the complaint but was raised in the response to the motion for summary judgment. A municipality is not liable for failing to make public improvements of roadways. *Hull v. City of Chicago*, 236 Ill. App. 3d 405, 406, 602 N.E.2d 1300, 1301 (1992). But a municipality may be liable if a public improvement, once undertaken, creates an unreasonably dangerous condition. *Hull*, 236 Ill. App. 3d at 406, 602 N.E.2d at 1301.

We do not find plaintiff's argument persuasive for several reasons. As mentioned above, the plaintiff has not presented evidence that there was no safe route on the north side of Prospect Avenue from the parking spaces to the crosswalk. Moreover, even if the parking space was not connected to the buildings by a pedestrian route, the plaintiff has not alleged that the parking space itself was defective. See *Hull*, 236 Ill. App. 3d at 407, 602 N.E.2d at 1301. Finally, in *Wojdyla*, the court rejected the argument that the city had a duty to make crosswalks leading to parking spaces safe. *Wojdyla*, 148 Ill. 2d at 428, 592 N.E.2d at 1104.

The plaintiff was not an intended user of the median. Therefore, under the Act, the Village did not owe the plaintiff a duty to maintain the median in a safe condition for her to walk upon it. Our disposition of this issue makes it unnecessary for us to discuss the issue of notice.

For the foregoing reasons, the circuit court's grant of summary judgment is affirmed.

Affirmed.

McNULTY, P.J., and TULLY, J., concur.